**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MOHAMED DADDE,<br><br>    Plaintiff,<br><br>v.<br><br>QUEST DIAGNOSTICS INCORPORATED, and "JANE DOE", THE PRESENTLY UNKNOWN PHLEBOTOMIST AND/OR AGENT AND/OR EMPLOYEE OF QUEST DIAGNOSTICS,<br><br>    Defendants. | Civil Action No.: _____<br><br>**NOTICE OF REMOVAL**<br>**(Diversity)** |

TO: Clerk,
   United States District Court
   Eastern District of New York
   225 Cadman Plaza East
   Brooklyn, New York 11201

   Laura Gentile, Esq.
   Gentile & Associates
   79 Madison Avenue, 8th Floor
   New York, New York 10016
   *Attorneys for Plaintiff Mohamed Dadde*

   Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Quest Diagnostics Incorporated ("Quest"), by and through its counsel, hereby gives notice of the removal to this Court of a civil action originally filed as *Mohamed Dadde v. Quest Diagnostics Incorporated, and "Jane Doe", the Presently Unknown Phlebotomist and/or Agent and/or Employee of Quest Diagnostics*, Index Number 537133/2023, in the Supreme Court of the State of New York, County of Kings. In support of this Notice of Removal, Quest states as follows:

   1. On December 19, 2023, Plaintiff Mohamed Dadde filed a Summons and Complaint in the Supreme Court of the State of New York, County of Kings, and purchased Index Number

537133/2023. Plaintiff's Complaint named Quest as a Defendant and generally sounds in medical negligence. *See* a true and accurate copy of Plaintiff's Summons and Complaint attached hereto as **Exhibit A**.

2. On December 21, 2023, Quest received a copy of the Summons and Complaint by service through the Secretary of State. It was through receipt of the Summons and Complaint that Quest first became aware of the action. *See* a true and accurate copy of Plaintiff's Affidavit of Service through the Secretary of State attached hereto as **Exhibit B**.

3. 28 U.S.C. § 1446(a) states that "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant." *See also Auguste v. Nationwide Mut. Ins. Co.*, 90 F. Supp. 2d 231, 232-33 (E.D.N.Y. 2000) (holding that when a defendant receives personal service of the summons and complaint, the thirty-day period during which the defendant may remove a case begins upon service).

4. Thus, this Notice of Removal is timely filed within thirty (30) days of receipt of the Summons and Complaint pursuant to 28 U.S.C. § 1446(b) and the Federal Rules of Civil Procedure.

5. Removal from the Supreme Court of the State of New York, County of Kings, is proper under 28 U.S.C. § 1441(a) and (b), which authorizes the removal of any civil action of which the District Courts of the United States have original jurisdiction and "if none of the parties in interest properly joined and served as a defendant is a citizen of the State in which such action is brought."

6. Removal from the Supreme Court of the State of New York, County of Kings, is also proper under 28 U.S.C. § 1446(c)(2), which allows a defendant to assert an amount in controversy in its notice of removal if the initial pleading seeks a money judgment and the state

practice either precludes a plaintiff from demanding a specific sum or permits a plaintiff to recover damages in excess of the amount demanded.

7. This Court has original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332 insofar as the parties are citizens of different states and the matter in controversy exceeds $75,000.00.

8. Pursuant to Local Civil Rule 81.1, Plaintiff was, and still is, a resident of the County of Kings, State of New York. *See* **Exhibit A**. Plaintiff affirms this fact in his Complaint. *Id.*

9. Pursuant to Local Civil Rule 81.1, Quest is a business incorporated under the laws of the State of Delaware, with a principal place of business located at 500 Plaza Drive, Secaucus, New Jersey 07094.

10. Plaintiff's Complaint alleges medical and nursing negligence arising out of a blood draw at Quest's patient service center located at 7601 4th Avenue, Brooklyn, New York 11209. *See* **Exhibit A** at ¶ 19.

11. Plaintiff alleges that on June 13, 2023, a phlebotomist and/or employee and/or agent of Quest negligently supervised and assisted Plaintiff following a venipuncture, causing, permitting and/or allowing Plaintiff to faint, lose consciousness, and fall to the ground with great force, causing serious and permanent injuries. *See* **Exhibit A** at ¶ 24.

12. Plaintiff alleges that the aforesaid venipuncture and supervision rendered to Plaintiff were performed in a manner which deviated and/or departed from accepted standards of medical practices and constituted professional malpractice and medical malpractice. *See* **Exhibit A** at ¶ 26.

13. Plaintiffs allege that as a result of Quest's alleged negligence, Plaintiff has been damaged in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction. *See* **Exhibit A** at ¶ 29.

14. "A party asserting jurisdiction bears the burden to show that there is 'a reasonable probability that the claim is in excess of the statutory jurisdictional amount,' and must support its assertion of jurisdiction 'with competent proof and justify [its] allegations by a preponderance of evidence.'" *Burr ex rel. Burr v. Toyota Motor Credit Co.*, 478 F.Supp.2d 432, 438 (S.D.N.Y. 2006) (citations omitted). "Where no amount is specified, this fact alone does not bar a finding that the jurisdictional amount has been met. In such cases, courts examine the nature of the claims, factual allegations within the pleadings, and the record outside the pleadings to determine the amount in controversy." *Id.*

15. Here, Plaintiff does not indicate in his Complaint that he is seeking a specific amount of monetary relief. *See* **Exhibit A**. Instead, Plaintiff alleges that the "defendant JANE DOE, the presently unknown phlebotomist and/or employee and/or agent of [Quest], was supervising and assisting the plaintiff following a venipuncture," causing, permitting, and/or allowing Plaintiff "to faint, lose consciousness, and fall to the ground *with great force, causing him to sustain serious and permanent injuries*." *See id.* at ¶ 24 (emphasis added). Plaintiff further alleges that as a result, Plaintiff has suffered shock and mental anguish, that Plaintiff was caused to incur, and to continue to incur, expenses for medical care, attention, and treatment, and that Plaintiff will continue to be rendered unable to perform his normal activities and duties. *See id.* at ¶ 28. Thus, Quest believes that it has a basis to show a "reasonable probability" that Plaintiff's damages exceed $75,000.

16. Accordingly, this is a civil action with complete diversity of citizenship where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, of which the United States District Courts have original jurisdiction pursuant to 28 U.S.C. § 1332, and therefore may be removed to this Court pursuant to 28 U.S.C. § 1441(a) and (b).

17. Venue is proper in this district under 28 U.S.C. § 1441(a) because the United States District Court for the Eastern District of New York embraces the Supreme Court of New York, County of Kings, where the removed action has been pending. *See* 28 U.S.C. §§ 1441(a).

18. By filing this Notice of Removal, Quest does not waive and hereby expressly reserves the right to assert any defense or motion available.

19. Promptly after filing this Notice of Removal, a written Notice of Filing of Removal will be served on Plaintiffs' counsel, and to the Clerk of the Supreme Court of the State of New York, County of Kings, as required by 28 U.S.C. §§ 1446(d).

WHEREFORE, Defendant Quest Diagnostics Incorporated, removes this entire action from the Supreme Court of the State of New York, County of Kings, to the United States District Court for the Eastern District of New York, and requests that this Court assume full jurisdiction over this case as provided by law.

Dated: New York, New York
       January 22, 2024

By:    */s/ Lauren Fenton-Valdivia*
       Lauren Fenton-Valdivia, Esq.
       **CARLTON FIELDS, P.A.**
       405 Lexington Ave., 36th Floor
       New York, New York 10174
       (T): 813.229.4936
       *Attorneys for Defendant*
       *Quest Diagnostics Incorporated*